IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,            )
                                )    No. 33957-2-III
                   Respondent,  )
                                )
        v.                      )
                                )
TIMOTHY ALLEN MICHAEL BANKS,    )    UNPUBLISHED OPINION
                                )
                   Appellant.   )

KORSMO, J. — Timothy Banks appeals his conviction for second degree assault,

primarily arguing that his prearrest silence was used against him in violation of the Fifth

Amendment. We affirm.

## FACTS

An argument between Mr. Banks and Jerald Williams concerning the placement of

a shopping cart in a Fred Meyer parking lot escalated into a physical altercation. Mr.

Banks hit Mr. Williams several times and ran off. Mr. Williams was hospitalized for his

injuries. Law enforcement later arrested Mr. Banks.

At trial, Banks claimed self-defense and testified that he was attacked by

Williams. He also expressed concern about getting shot because he believed Williams

had a gun in his car. The prosecutor cross-examined by asking Mr. Banks if, under the

circumstances, it was reasonable not to report the incident or go get help if he truly was concerned for the safety of himself and his family members. The prosecutor asked a series of questions on cross-examination, including "did you give any consideration to running into Fred Meyer to go get help there?" "Did you ask anyone that was standing in the parking lot that night for help?", and "According to your testimony, Mr. Williams assaulted you first that night. Did you ever report this?" The court overruled objections to these questions.

While discussing the self-defense instruction in closing argument, the prosecutor argued that a reasonable person acting in self-defense would have contacted store security or 911, and would not have simply run away. He remarked, "Is that reasonable? If Mr. Banks really thought that Mr. Williams had a gun [in] his car, would he really have run away from his mother, his brother and his nephew [who remained] in the car? . . . If he thinks that this person really had a gun, would he run away and not contact anyone? Not call 911, do nothing but run away? He didn't go into the Fred Meyer's, he did not ask help for anywhere [sic], he just ran."

## ANALYSIS

Mr. Banks argues that the prosecutor erred in cross-examining him about his failure to act and in arguing the point in closing, contending that the actions implicated his right to remain silent. He also argues in his statement of additional grounds (SAG)

2

that his counsel performed ineffectively and that he was deprived of a fair trial. We address those contentions in the order listed.

The United States Constitution's Fifth Amendment, made applicable to the States by the Fourteenth Amendment, prohibits the states from forcing a defendant to testify at trial or commenting about the defendant's failure to speak. *Griffin v. Cal.*, 380 U.S. 609, 612-613, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965); *State v. Easter*, 130 Wn.2d 228, 238-239, 922 P.2d 1285 (1996). The Washington Constitution affords the same protection as the federal constitution. *State v. Magana*, 197 Wn. App. 189, 195, 389 P.3d 654 (2016) (citing *Easter*, 130 Wn.2d at 235; *State v. Earls*, 116 Wn.2d 364, 375, 805 P.2d 211 (1991)).

As stated in *Magana*, "absent an express invocation of the right to silence, the Fifth Amendment is not an obstacle to the State's introduction of a suspect's prearrest silence as evidence of guilt." *Id.* Mr. Banks appears to argue that any reference to things he did not do or did not say violates his Fifth Amendment protections. However, the Fifth Amendment rights do not extend to noncustodial acts of silence. The prosecution's use of noncustodial silence does not violate the Fifth Amendment unless the defendant previously has invoked his Fifth Amendment right to silence. *Salinas v. Texas*, 570 U.S. ___, 133 S. Ct. 2174, 2180, 186 L. Ed. 2d 376 (2013). The prosecutor's cross-examination and argument all involved Mr. Banks' actions during and after the assault,

3

well before he was arrested. They involve, at most, noncustodial silence that does not implicate Fifth Amendment protections.

Even if Mr. Banks had invoked his Fifth Amendment protection at some point, the prosecutor's actions still were proper. The State may use a defendant's prearrest silence to impeach his credibility if the defendant testifies at trial. *Jenkins v. Anderson*, 447 U.S. 231, 238, 100 S. Ct. 2124, 65 L. Ed. 2d 86 (1980) ("Thus, impeachment follows the defendant's own decision to cast aside his cloak of silence and advances the truth-finding function of the criminal trial. We conclude that the Fifth Amendment is not violated by the use of prearrest silence to impeach a criminal defendant's credibility."); *State v. Burke*, 163 Wn.2d 204, 232, 181 P.3d 1 (2008).

At trial, Mr. Banks proffered testimony that he was attacked first and responded in self-defense. Appropriate self-defense instructions were provided to the jury. The State sought to demonstrate that Mr. Banks' actions were not those of one who had been attacked. Those remarks did not implicate Timothy Banks' Fifth Amendment right. There were no remarks implicating constitutionally protected silence in either cross-examination or in closing argument.

There was no violation of Mr. Bank's Fifth Amendment right to silence.

Mr. Banks also filed a SAG alleging ineffective assistance of counsel and violation of his right to a fair trial. In a SAG, a reviewing court will consider arguments that are not repetitive of briefing. RAP 10.10(a). This court will not consider a

defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors. RAP 10.10(c); *State v. Bluehorse*, 159 Wn. App. 410, 434, 248 P.3d 537 (2011). An appellate court is not required to search the record in support of claims made in the SAG. RAP 10.10(c).

The Sixth Amendment guaranty of counsel requires that an attorney perform to the standards of the profession. Counsel's failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 333-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-692. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007).

Mr. Banks claims his defense counsel's representation fell below an objective standard of reasonableness when she asked the court on three occasions to let her take her glucose tablets when her blood sugar dipped too low. However, he does not show how

this is objectively unreasonable nor does he demonstrate the probability that the outcome of trial was undermined. *Strickland*, 466 U.S. at 669.

Next, Mr. Banks claims counsel failed to question Mr. Williams about his temper. However, the failure to ask a question on cross-examination is generally considered a trial tactic, so Mr. Banks must establish the lack of a tactical reason for declining to raise the question. *State v. McNeal*, 145 Wn.2d 352, 362-363, 37 P.3d 280 (2002). Moreover, even a lame or poor cross-examination will seldom, if ever, constitute ineffective assistance of counsel. *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 489, 965 P.2d 593 (1998).

Mr. Banks has not established that his counsel performed ineffectively.

The SAG also contends that the right to a fair trial was violated by (1) the failure to give an instruction on the inferior degree offense of third degree assault, (2) failure to hold a CrR 3.5 hearing, and (3) failure to provide adequate audio-visual equipment for jurors.

The record reveals that these arguments are without merit. First, in light of the claim of self-defense, there was no factual basis for the jury to consider the inferior degree offense of third degree assault. Mr. Banks either assaulted Mr. Williams or he was acting in self-defense; there was no evidence to support a theory of reckless, as opposed to intentional, injury. The court also verified with both counsel there was no need to hold a CrR 3.5 hearing. Finally, the record shows the court made adjustments in

6

No. 33957-2-III
*State v. Banks*

the courtroom to enable the jurors to better view the video. Neither the jury nor any party contended that the arrangements were inadequate.

The SAG issues are without merit. Mr. Banks also requests that we waive costs on appeal. In light of his significant past debts and the extensive restitution owed in this case, we exercise our discretion to waive appellate costs.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, J.

Pennell, J.

7